■ FIRST NATIONAL CITY BANK, as Trustee, Respondent, v STATE OF NEW YORK et al., Appellants, et al., Defendant.—In an action, *inter alia,* to declare that the Tidal Wetlands Act is unconstitutional insofar as it affects certain lands held by the plaintiff as trustee, the State of New York, the Department of Environmental Conservation, the Commissioner of Environmental Conservation and the Office of Parks and Recreation (hereafter the State defendants) appeal from an order of the Supreme Court, Suffolk County, dated April 22, 1977, which directed them (except the Commissioner of Environmental Conservation) to submit to disclosure pursuant to CPLR 3102 (subd [f]). Order modified by adding thereto, immediately after the words "disclosure is granted", the following: "to the extent that the said State defendants shall submit to depositions upon oral examination as to: (1) the manner in which the Tidal Wetlands Act has been and will be applied to the land in question, including the extent to which the Tidal Wetlands Act has limited the uses to which the land may be put and affected its value, and the use of the statute as a basis for paying condemnation damages to plaintiff; and (2) the nature and evolution of the roles of the said State defendants in financing and otherwise participating in the condemnation of the land." As so modified, order affirmed, without costs or disbursements, and without prejudice to plaintiff seeking production of documents when it is able to identify such documents. The examination shall be held at the Supreme Court, Suffolk County, at a time to be fixed in a written notice of not less than 10 days, to be given by plaintiff, or at such other time and place as the parties may agree (see CPLR 3110, subd 3). Plaintiff-respondent owns more than 500 acres of land in Southampton, New York, as trustee for several Astor trusts. The uses to which this land could be put were drastically limited by the Tidal Wetlands Act (Environmental Conservation Law, art 25). Thereafter, Suffolk County commenced a condemnation proceeding and title to the land has vested in the county. Plaintiff brought this action seeking, *inter alia,* a declaration that the act, as applied to it, violates its rights under the Federal Constitution. Plaintiff moved to compel the State defendants to submit to disclosure. Its affidavit did not seek an order allowing specific disclosure, but did state that it intended to take a deposition of the State defendants and to seek the production of documents. The areas of inquiry, and the reasons therefor, were specified in the moving affidavit. The State defendants strenuously opposed. Special Term held that a motion made under CPLR 3102 (subd [f]) did not require the production of documents or permit any specific type of disclosure and that an order entered pursuant to that section merely permitted plaintiff to utilize the disclosure devices provided for in CPLR article 31, except interrogatories and requests for admissions. On this appeal, the State defendants contend that CPLR 3102 (subd [f]) should have been construed so as to require, before disclosure could be had against them, that plaintiff set forth the specific items as to which disclosure is sought, the reasons warranting disclosure and the specific disclosure device to be used. Plaintiff contends that CPLR 3102 (subd [f]) should be construed so as to merely require a preliminary order permitting a private litigant to employ the general disclosure provisions of CPLR article 31 in an action in which the State is a party. The phrase in CPLR 3102 (subd [f]), that "disclosure by the state shall be available as if the state were a private person", is qualified by the phrase "except that it may be obtained only by order of the court". The second phrase clearly limits the first (see McKinney's Cons Laws of NY, Book 1,

Statutes [hereafter Statutes], § 92, subd b). Taking the relevant phrases, we have the operative provision that "disclosure by the state * * * may be obtained only by order of the court." The natural, obvious and usual meaning of this phrase (see Statutes, §§ 94, 232) is that each and every time a party seeks disclosure against the State in an action in which the State is a party, that party must make application to the court for an order permitting such disclosure. It is not plain from the statute that any other meaning was intended (see Statutes, § 232). Plaintiff's proposed construction would be forced and artificial (see Statutes, § 94). To the extent that Special Term's construction differs, we disagree. Since both parties addressed the merits of disclosure in their papers before Special Term, and since the State defendants advanced arguments in opposition which might have been made in an application for a protective order under CPLR 3103, to which arguments plaintiff replied, we make a limited determination on the merits. The State defendants (except the commissioner) are required to submit to depositions upon oral examination regarding the areas of inquiry stated in subdivisions (a) and (b) of paragraph 9 of the affidavit of Mr. Hest in support of plaintiff's motion. It does not appear that inquiry into subdivision (c) thereof would be relevant and material to the prosecution of plaintiff's action (see CPLR 3101, subd [a]). Thus far, plaintiff has not identified, with reasonable particularity, the documents which it seeks (see CPLR 3120). Cohalan, J. P., Titone, Hawkins and Suozzi, JJ., concur.